IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RALPH DIAZ, a/k/a JOSE LUIS RODRIGUEZ TIRADO, <br><br> Petitioner, <br><br> v. <br><br> STATE OF TENNESSEE BOARD OF PROBATION AND PAROLE, <br><br> Respondent. | No. 3:12-cv-00123 <br><br> Judge Trauger |

## ORDER

Before the court is the State of Tennessee Board of Probation and Parole's Motion to Dismiss (ECF No. 21) the petition for a writ of habeas corpus (ECF No. 1) filed by petitioner Ralph Diaz, a/k/a Jose Luis Rodriguez Tirado,[1] a federal prisoner incarcerated at the United States Penitentiary – Lee in Jonesville, Virginia. In his petition, Diaz challenges the future authority of the Tennessee Board of Probation and Parole ("Board") to take him into custody pursuant to a parole-violation warrant pertaining to alleged violations of the conditions of his state parole, at the conclusion of his current federal sentence. For the reasons set forth herein, the motion to dismiss (ECF No. 21) is **DENIED**.

In its motion, the Board seeks dismissal of Diaz's petition on the basis that it was filed outside the one-year statute of limitations applicable to federal habeas petitions filed pursuant to 28 U.S.C. § 2254 and, alternatively, on the basis that it fails to state a cognizable claim for habeas relief.

With respect to the Board's statute-of-limitations argument, the court finds that the current petition is more appropriately construed as a petition filed pursuant to 28 U.S.C. § 2241, since the petitioner is not in custody pursuant to a state court judgment. Consequently, the statute of limitations upon which the

---

[1] From the record it appears that the petitioner's real name is Jose Luis Rodriguez Tirado and that the name "Ralph Diaz" is an alias. Because the petitioner was referred to as Ralph Diaz in all the underlying state proceedings and continues to be referred to by that name in the respondent's filings, this court will also refer to him as "Diaz."

respondent relies, 28 U.S.C. § 2244(d)(1)(D), does not apply.[2] The petition is therefore not barred by that provision.

Further, the Board's alternative argument for dismissal relies upon matters outside the pleadings, including various unauthenticated documents. Rule 12(b)(6) requires that a motion to dismiss be treated as a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Some of the materials presented by the Board are not contested by the petitioner, but none of the documents are presented in a form that permits the court to consider them, even if the court were inclined to consider the motion as one for summary judgment.

Because the motion to dismiss relies in large part on matters outside the pleadings, the motion is **DENIED**.

The Board is **DIRECTED** to file a motion for summary judgment within **30 days** of the date of this order, supported by properly authenticated materials that conform with the requirements of Rule 56. In particular, the court observes that there is apparently a disputed issue of fact as to whether the outstanding warrant for Diaz's arrest for parole violation was technically "executed" or served, and a question of law as to what difference service or execution of the warrant might make. The Board's motion and supporting documentation should address these issues.

Diaz may file a response in opposition to the motion for summary judgment, with supporting documentation in accordance with Rule 56 of the Federal Rules of Civil Procedure, within **30 days** after the filing of the Board's motion.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[2] 28 U.S.C. § 2244(d) creates a one-year statute of limitations for any habeas corpus petition brought by a person "in custody pursuant to the judgment of a State court."